IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| LAWERENCE PAUL HERRING, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:17-CV-410 TS<br>Criminal Case No. 2:15-CR-743 TS<br><br>District Judge Ted Stewart |
|---|---|

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

On December 16, 2015, Petitioner was charged with possession of child pornography. On December 21, 2015, Petitioner pleaded guilty. On May 2, 2016, Petitioner was sentenced to 60 months in the custody of the Bureau of Prisons. Judgment was entered on May 5, 2016. Petitioner did not file a direct appeal. He timely filed the instant Motion on May 4, 2017.

II.  DISCUSSION

Petitioner's Motion raises two claims of ineffective assistance of counsel. First, Petitioner argues that his counsel was ineffective for failing to file of an appeal. Second, Petitioner argues that counsel was ineffective at sentencing.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel,

1

[Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1] To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[3] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[4] Finally, "[t]here is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[5]

First, Petitioner argues that counsel was ineffective in failing to file an appeal. The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[6] Here, Petitioner does not contend that he provided specific instructions to his counsel to file an appeal. Rather, Petitioner explains that he expressed interest in filing an appeal when he met with his counsel after sentencing. At that meeting, counsel explained that he did not do appellate work

---

[1] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[2] *Strickland*, 466 U.S. at 694.

[3] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[4] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[5] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

[6] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Conversely, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.*

and that, if Petitioner wished to file an appeal, he would need to obtain new counsel. Counsel provided Petitioner with a list of attorneys with federal appellate experience, and discussed Petitioner's case with one of those attorneys. Petitioner's counsel states that he "was never asked by Mr. Herring to file an appeal on his behalf."[7] Petitioner does not dispute this, but argues that counsel "knew or should have known . . . that appealing was just what he wanted to do."[8]

Based on the materials in the record, the Court cannot find that Petitioner provided specific instructions to file an appeal. Instead, the evidence shows that Petitioner expressed interest in an appeal and discussed his options with his counsel. While Petitioner may have wished to file an appeal, he never instructed his counsel or anyone else to do so. Indeed, Petitioner states in his Motion that he did not know that counsel could have filed a notice of appeal on his behalf,[9] which supports the conclusion that Petitioner did not ask his counsel to file an appeal. As a result, the Court cannot find that counsel was ineffective for failing to file an appeal.[10]

Petitioner relies on *United States v. Garrett*,[11] to argue that an evidentiary hearing is required to resolve this issue. In *Garrett*, the petitioner "claimed that he had specifically requested his attorney to file a notice of appeal, but the attorney refused to do so."[12] In contrast, the government provided an affidavit from Mr. Garrett's attorney stating that the petitioner had

---

[7] Docket No. 11 Ex. A ¶ 9.

[8] Docket No. 13, at 1.

[9] Docket No. 2, at 2.

[10] *See United States v. Kelley*, 253 F. App'x 743, 745 (10th Cir. 2007) (finding no specific instruction to file an appeal where petitioner told counsel to "take care of everything").

[11] 402 F.3d 1262 (10th Cir. 2005).

[12] *Id.* at 1264 (internal quotation marks omitted).

not asked to appeal his sentence, but only asked whether he could appeal.[13] The Tenth Circuit remanded the case to the district court to resolve this factual dispute, noting that "[i]f Mr. Garrett actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal."[14] Here, there is no factual dispute to resolve. Counsel states that Petitioner never asked him to file an appeal. Nowhere in his briefing does Petitioner state that he instructed his counsel to appeal. Instead, Petitioner asserts that he wanted to appeal and his counsel should have known this. This is not sufficient to warrant an evidentiary hearing.

In the case of a defendant who does not instruct counsel to file an appeal, the Court must determine "whether counsel in fact consulted with the defendant about an appeal."[15] To adequately consult a defendant, counsel must advise "the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes."[16] "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."[17]

Here, the Court finds that counsel adequately discharged his duty to consult with Petitioner. As stated, counsel met with Petitioner after sentencing. Counsel explained that he did not do appellate work and that Petitioner would need to obtain new counsel if he sought to appeal. Counsel then provided Petitioner with a list of qualified attorneys and even consulted

---

[13] *Id.*
[14] *Id.* at 1267.
[15] *Flores-Ortega*, 528 U.S. at 478.
[16] *Id.*
[17] *Id.*

4

one of those attorneys about Petitioner's case. As stated, Petitioner did not provide express instructions to file an appeal. Therefore, counsel did not perform in a professionally unreasonable manner by not filing an appeal. Instead, counsel adequately discharged his duty to consult with Petitioner.

Even if counsel's consultation was lacking, Petitioner has not shown that it was constitutionally deficient. The Supreme Court has declined to impose "a bright-line rule that counsel must always consult with the defendant regarding an appeal."[18] Instead, the Court has held

> that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.[19]

In making this determination, the Court "must take into account all the information counsel knew or should have known."[20] "[A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."[21] In cases where a defendant pleads guilty, "the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."[22]

---

[18] *Id.* at 480.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*

Further, "a sentencing court's clear explanation of appeal rights to a defendant may substitute for counsel's failure to consult about an appeal."[23]

Considering this information, the Court cannot find that counsel's performance was constitutionally deficient, even accepting Petitioner's claim that counsel did not adequately consult with him about filing an appeal. First, Petitioner's case was resolved by a plea. Petitioner's plea reduced the scope of appealable issues and indicated his desire to end his case. Second, Petitioner's plea agreement contained a broad wavier of his right to appeal, as was explained to Petitioner by the Court and his counsel. Third, Petitioner received a sentence below the guideline range determined by the Court, which was below what the government agreed to recommend under the plea agreement. Fourth, Petitioner has failed to point to any nonfrivolous grounds for an appeal. Fifth, the Court explained Petitioner's appeal rights at sentencing. Specifically, the Court fully explained that Petitioner had the right to appeal, that counsel could be appointed to pursue that appeal, that he could appeal *in forma pauperis*, and that, if requested, the Clerk of the Court could file on appeal on his behalf. Based upon these factors, the Court finds that counsel's alleged failure to adequately consult with Petitioner was not constitutionally deficient.

Even if counsel's consultation was deficient, Petitioner must still show prejudice. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would

---

[23] *United States v. Parker*, 720 F.3d 781, 785 n.3 (10th Cir. 2013); *see also Flores-Ortega*, 528 U.S. at 479–80 ("Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.").

have timely appealed."[24] Nowhere does Petitioner identify what issues he would have timely appealed but for counsel's alleged deficient consultation. Therefore, he has not demonstrated prejudice. This conclusion is supported by the fact that Petitioner did not retain appellate counsel to file an appeal, nor did he request the Clerk file an appeal on his behalf.

Petitioner next claims that his counsel's performance at the sentencing hearing was deficient. In particular, Petitioner complains that counsel failed to sufficiently challenge the psychosexual evaluation and statements made by the prosecutor. To the extent that Petitioner challenges the accuracy of the psychosexual evaluation, that claim is barred by the collateral appeal waiver contained in Petitioner's plea agreement. Putting aside that claim, the Court cannot conclude that counsel's performance at sentencing was deficient. Counsel presented statements from Petitioner and Petitioner's brother. Counsel also discussed the factors relevant to the Court's determination of an appropriate sentence under 18 U.S.C. § 3553(a) and requested a significant variance. While the Court stated that a low-end sentence would have been reasonable, the Court issued a below-guidelines sentence based, at least in part, on the arguments made by Petitioner's counsel at sentencing. Thus, counsel's performance at sentencing was not deficient.

Even if counsel should have done more to address certain statements in the psychosexual evaluation or made by the prosecutor at sentencing, Petitioner has failed to demonstrate any prejudice. There is nothing to suggest that these statements affected the Court's sentencing determination. Therefore, Petitioner's second ineffective assistance claim fails.

---

[24] *Flores-Ortega*, 528 U.S. at 484.

7

## III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Leave of the Court to Appear via Video-Conference or via Telephone-Conference (Docket No. 8) is DENIED AS MOOT. It is further

ORDERED that Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:17-CV-410 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 18th day of December, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge